UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH COFFEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| ASHWOOD FINANCIAL, INC. ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and the Plaintiff resides here.

### PARTIES

4. Plaintiff, Kenneth Coffey (hereinafter "Plaintiff"), is a natural person who resides in Hamblen County, Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Ashwood Financial, Inc. (hereinafter "Ashwood") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and may be served as follows: Karen B. Neiswinger, 5335 N. Tacoma Ave. #12, Indianapolis, IN 46220.

1

## FACTUAL ALLEGATIONS

6. Ashwood has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a debt initially originated and/or serviced by Chase Bank, N.A. ("Chase"), or an assignor of Chase.

7. After default, Plaintiff's debt was assigned to Ashwood for collection from Plaintiff.

8. Ashwood committed violations of the FDCPA, including, but not limited to, failing to send Plaintiff written notice within five (5) days of its initial communication with Plaintiff in connection with collection of the debt of the name of the current creditor, threatening to report but not actually reporting the debt to all major credit bureaus thirty (30) days after the threat was made, and failing to obtain a valid collection service license from the Tennessee Collection Services Board prior to attempting collection of a debt from a Tennessee resident.

*Collection Letters*

9. On or about March 17, 2014, Ashwood sent Plaintiff a collection letter dated March 17, 2014. **Copy filed as Exhibit 1 ("Doc. 1-1").**

10. On or about May 5, 2014, Ashwood sent Plaintiff a collection letter dated May 5, 2014. **Copy filed as Exhibit 2 ("Doc. 1-2").**

11. Both collection letters were sent in connection with collection of the debt and in an attempt to collect the debt, and each is a communication as defined by 15 U.S.C. § 1692a(2). **Docs. 1-1, 1-2.**

12. The March 17, 2014, collection letter was the initial communication in connection with collection of the debt by Ashwood. **Doc. 1-1.**

13. The May 5, 2014, collection letter was the second communication in connection with collection of the debt by Ashwood. **Doc. 1-2.**

*False, Deceptive, Misleading, and Unfair Communications*

14. The FDCPA 15 U.S.C. §1692g(a)(2) requires that:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (2) the name of the creditor to whom the debt is owed.

15. The initial communication by Ashwood in the form of the March 17, 2014 collection letter did not contain written notice of the creditor to whom the debt was owed. **Doc 1-1.**

16. The March 17, 2014 collection letter stated that the creditor was "RE: CHASE BANK NA." (capitals and punctuation in original). **Doc. 1-1.**

17. The next communication in connection with collection of the debt from Ashwood to Plaintiff was the May 5, 2014 collection letter. **Doc. 1-2.**

18. The May 5, 2014 collection letter contained the following language:

> RE: Capital Asset Mgt Geer Ventures LLC
>
> . . .
>
> Orig Client:    CHASE BANK NA."

**Doc. 1-2.** (capitals and punctuation in original)

19. Additionally, a review of the Plaintiff's Experian credit report dated July 30, 2014 stated the Chase account was "purchased by another lender" on or about December 2011. **Copy of relevant credit report screen shots filed as Exhibit 3 ("Doc. 1-3").**

20. Upon information and belief, the owner of the debt when Ashwood sent the March 17, 2014 collection letter may not have been Capital Asset Mgt Geer Ventures, LLC ("Capital Asset"), but it was not Chase.

21. Within five days after the initial communication, Ashwood failed to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

22. FDCPA 15 U.S.C. §1692e(5) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) <u>The threat to take any action</u> that cannot legally be taken or <u>that is not intended to be taken</u>.

23. The March 17, 2014 collection letter stated:

> **NOTICE:** It is the policy of this agency to report all unpaid accounts to all major credit bureaus after 30 days of this notice [sic]."

**Doc 1-1.** (Capitals and bold in original)

24. Despite the threat, Ashwood did not report the debt to "all major credit bureaus after 30 days of this notice [sic]", in violation of 15 U.S.C. §1692e(5). **Doc. 1-2.**

*Collection Service Licensing*

25. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3).

26. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

27. Ashwood is a "collection service" as defined by Tennessee state law.

28. When Ashwood sent the collection letters to Plaintiff, Ashwood had not been issued a valid collection service license necessary for a collection service to legally collect debts in Tennessee.

29. By attempting to collect the debt from Plaintiff when not licensed as a collection service by the Tennessee Collection Service Board, Ashwood violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Summary*

30. The above-detailed conduct by Ashwood, in connection with collection of the debt, was in violation of multiple provisions of the FDCPA, including but not limited to the above cited.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNTS I-V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, 1692g(a)(2)

32. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

33. The foregoing acts and omissions of Ashwood constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

34. As a result of Ashwood's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Ashwood.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Ashwood:

### COUNTS I-V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, 1692g(a)(2)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Ashwood and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Ashwood, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Ashwood and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/20/14	Respectfully submitted,

**KENNETH COFFEY**


/s/     Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
brentsnyder77@gmail.com


/s/     Alan C. Lee
Alan C. Lee, Esq., BPR #012700
PO Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com